UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALLEGHENY PROPERTY HOLDINGS, INC.,

                Plaintiff,

    -v-                                                     22-CV-218JLS(Sr)

UNITED SPECIALTY INSURANCE COMPANY,

                Defendant.

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #3.

Currently before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP") (Dkt. #2), and plaintiff's motion for an extension of time, *nunc pro tunc*, to serve the summons and complaint. Dkt. #9. For the following reasons, it is recommended that defendant's motion be denied and plaintiff's motion be granted in the interest of justice.

### BACKGROUND

Plaintiff is the owner of the Warren Townhouse Apartments in Jamestown, New York. Dkt. #1-1, ¶¶ 3 & 6. Defendant provided fire insurance for the Warren Townhouse Apartments. Dkt. #1-1, ¶ 6. Defendant's contract of insurance provides that

no one may bring a legal action against the company unless the action is brought in a court having proper jurisdiction within 2 years and 1 day after the date on which the cause of action accrues. Dkt. #1-1, ¶ 26.

On October 13, 2018, a fire caused severe damage throughout seven units in Building B, rendering the entire building uninhabitable. Dkt. #1-1, ¶ 7. Defendant accepted liability for damages and offered $473,428.65 as the total replacement cost, agreeing to pay approximately 75% of this amount outright, with the remaining 25% reimbursed as restoration work was completed. Dkt. #1-1, ¶¶ 8 & 10. On October 11, 2019, a second fire caused even more extensive damage throughout Building C. Dkt. #1-1, ¶¶ 18-19. Defendant calculated the total replacement cost for Building C to be $491,237.72, subject to the same terms. Dkt. #1-1, ¶ 19.

The parties agreed to proceed with restoration of both buildings simultaneously, subject to the completion date and limitations period applicable to the second fire. Dkt. #1-1, ¶ 20. Defendants conducted periodic inspections of ongoing restoration work and released insurance funds between October 16, 2019 and December 23, 2020. Dkt. #1-1, ¶¶ 21-24. However, plaintiff complains that $118,005.38 of the funds withheld from the damages calculated for the fire in Building B and $122,959.43 of the funds withheld from the damages calculated for the fire in Building C, a total of $240,964.81, have not been disbursed to plaintiff despite timely completion of all restoration work. Dkt. #1-1, ¶¶ 35-36.

-3-

Plaintiff commenced this declaratory judgment action in the New York State Supreme Court, Chautauqua County, by filing a complaint on October 11, 2021. Dkt. #1-1. Plaintiff seeks a declaration that defendant breached the contract of insurance and also alleges fraud and the violation of § 349 of New York's General Business Law and § 2601 of New York's Insurance Law. Dkt. #1-1. Plaintiff seeks judgment in the amount of $240,964.81. Dkt. #1-1.

Plaintiff's attorney affirms that his office contacted a process server by email at 12:59 pm on February 7, 2022 and requested "Expedited/Rush" service upon the New York Secretary of State. Dkt. #9-2, p.6. Counsel received confirmation that service would be completed "per our phone conversation;" the invoice includes an additional fee to "Expedite - At Once." Dkt. #9-1, ¶¶ 5-6 & Dkt. #9-2, pp.8 & 10.

The process server affirms that he went to the NYS Department of Financial Services ("NYSDFS"), to personally deliver the summons and complaint on February 9, 2022, but a note on the door of the office stated that NYSDFS was not accepting physical service and that process had to be mailed. Dkt. 9-2, ¶ 6 & pp.14-15. An affidavit of mailing indicates that the summons and complaint was mailed to defendant, care of NYSDFS, on February 9, 2022. Dkt. #1-4. NYSDFS acknowledged service of the Summons and Complaint on February 11, 2022. Dkt. #1-2.

Defendant removed the action to this Court on March 17, 2022, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Dkt. #1), and filed this motion to dismiss on March 24, 2022. Dkt. #2.

>By email dated April 11, 2022, the process server advised:
>
>We received this on 2/7 as an Expedited/Rush service to be served *via* the NY SOS - we advised . . . that they do not accept on behalf of insurance companies so we then served it through the DFS. A rush service is within 3 days. It was not requested to be done as a same day service.

Dkt. #9-2, p.17.

## DISCUSSION AND ANALYSIS

Defendant argues that plaintiff has not demonstrated good cause for failing to timely serve the summons and complaint given that plaintiff failed to attempt service within 120 days of the commencement of this action even though service could have been completed by mailing the summons and complaint to NYSDFS. Dkt. #2-6, p.8. In addition to the lack of diligence, defendant argues that plaintiff failed to request an extension of time for service and that defendant had no notice of this action until months after the statute of limitations had expired. Dkt. #2-6, pp.9-10. Defendant also argues that the complaint lacks merit because plaintiff failed to complete repairs within 365 days of the loss, as required under the insurance contract, and because NY Insurance Law § 2601 does not provide for a private cause of action and NY General Business Law § 349 does not encompass insurance contract disputes. Dkt. #2-6, p.10.

Plaintiff requests an order, *nunc pro tunc*, extending the deadline for service of the summons and complaint to February 9, 2022. Dkt. #9-1, p.4. Plaintiff argues that it sought "at once" service prior to the expiration of the deadline for service from a competent process server who should have been able to serve the NYDFS by

-4-

mail that same day. Dkt. #9-1, pp. 4 & 6-7. Plaintiff also argues that defendant cannot claim prejudice from a one-day delay in serving a lawsuit seeking payment of damages that defendant calculated and agreed to pay. Dkt. #9-1, pp.5 & 8-9.

Defendant replies that an extension of the deadline is not in the interest of justice because plaintiff failed to proffer a reasonable excuse for his failure to timely serve this action, which required nothing more than mailing the summons and complaint to NYDFS; failed to move for an extension of time to serve prior to the filing of the motion to dismiss; failed to complete repairs within 365 days of either loss and to commence the action within two years and one day of the 2018 loss as required by the contract of insurance; and asserts non-cognizable causes of action under NY Insurance Law § 2601 and NY General Business Law § 349. Dkt. #10.

In considering a motion to dismiss for insufficient service of process pursuant to FRCP 12(b)(5), the district court must look to matters outside of the complaint to determine whether it has jurisdiction. *George v. Prof'l Disposables Int'l*, 221 F. Supp.3d 428, 432 (S.D.N.Y. 2016). When a defendant moves to dismiss pursuant to Rule 12(b)(5), it is the plaintiff's burden to establish that service was sufficient. *Vidurek v. Koskinen,* 789 Fed. App'x 889, 893 (2d Cir. 2010).

"Although the Federal Rules of Procedure apply to actions after removal, state law governs the sufficiency of service of process before removal." *Daniels v. American Airlines*, 19-CV-3110, 2020 WL 9816000, at *10 (E.D.N.Y. Sept. 4, 2020);

*See Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp.2d 357, 383 (S.D.N.Y. 2006) ("federal courts routinely look to state law when evaluating the propriety of service of process in deciding motions to dismiss a complaint in cases removed to federal court."). In the instant case, because service was completed prior to removal, the sufficiency of such service is considered in accordance with New York's Civil Practice Law and Rules ("NYCPLR").

Pursuant to NYCPLR § 306-b, service of a summons and complaint shall be made within 120 days after the commencement of the action. If service is not made upon a defendant within that time frame, "the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." NYCPLR § 306-b. "'Good cause' and 'interest of justice' are two separate and independent statutory standards." *BAC Home Loans Servicing, L.P. v. Herbst*, 180 A.D.3d 980, 981 (2nd Dep't 2020). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service." *Id.* If good cause for an extension is not established, courts must also consider whether an extension is warranted in the interest of justice. *Id.*

> The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant.

*Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95, 105 (2001). "The statute empowers a court faced with dismissal of a viable claim to consider any factor relevant to the exercise of its discretion," with no one factor being determinative. *Id.* at 106.

Plaintiff commenced this action on October 11, 2021, requiring service no later than February 8, 2022. Thus, service of the summons and complaint on February 9, 2022 was not timely. Plaintiff has proffered no reason for failing to serve this action within 120 days and his failure to contact a process server until the afternoon of February 7, 2021 or to confirm that service had been completed on that date fails to demonstrate reasonable diligence. Accordingly, plaintiff has not demonstrated good cause. Plaintiff's lack of diligence also weighs against an extension in the interest of justice, as does his failure to request an extension of the deadline for service prior to responding to the motion to dismiss. However, service was completed within one day of the deadline and this is not a case where defendant was unaware of plaintiff's claim to the underlying insurance proceeds - plaintiff alleges that defendant investigated the fire loss, calculated the appropriate amount of damages and disbursed funds as restoration proceeded pursuant to an agreement between the parties. As a result, the Court does not find prejudice. Whether this action was commenced timely pursuant to that agreement or the underlying insurance policy or the common law is not determinable from the current record and should be resolved on the merits in due course. As a result, it is recommended that an extension of the time for service be granted in the interest of justice and that plaintiff's service of this action be deemed timely, *nunc pro tunc*.

## **CONCLUSION**

For the reasons set forth above, it is recommended that defendant's motion to dismiss (Dkt. #2), be denied and plaintiff's motion for an extension of the deadline for service of process (Dkt. #9), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
             **November 16, 2023**

                                     *s/ H. Kenneth Schroeder, Jr.*
                                     **H. KENNETH SCHROEDER, JR.**
                                     **United States Magistrate Judge**